UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MURPHY PAINTER | CIVIL ACTION |
| VERSUS | |
| KELLI SUIRE | NO. 12-CV-00511-SDD-SCR |

**RULING**

**I.    INTRODUCTION**

This is a state law defamation suit brought by Murphy Painter, the former head of Louisiana's Alcohol and Tobacco Control Commission ("ATC"), who alleges that his former Administrative Assistant, Kelli Suire, defamed him publically and in state court proceedings when she accused him of sexually harassing her in the workplace.[1] In unrelated state court proceedings, Painter alleged that he lost his ATC job because he refused to grant a liquor license to a political friend of the Governor.[2] In this suit, Painter alleges that he lost his job as the ATC chief and that his reputation has been tarnished because of defamatory allegations of sexual harassment by Suire.[3] Suire moves for dismissal of Painter's suit on the grounds of prescription and for failure to state a claim

---

[1] On August 12, 2011, Painter filed this defamation lawsuit in the 23rd Judicial District Court in Ascension Parish. Painter brings claims against Suire for defamation and for negligence under article 2315 of the Louisiana Civil Code. Painter alleges that, because of Suire's defamatory allegations of workplace harassment, he was terminated from his position as the ATC Commissioner and his reputation has been tarnished, resulting in loss of income and impairment of his ability to gain re-employment. Rec. Doc. 1-5, p. 8, ¶51; p. 9, ¶58.
[2] *Murphy J. Painter v. State of Louisiana, et al.*, 19th Judicial District Court, Division D, Suit Number 604,308.
[3] Rec. Doc. 1-5, p. 9, ¶¶ 58-61.

DM 1155                                                        1

for which relief can be granted.[4] Alternatively, Suire moves to strike Painter's claims as running afoul of Louisiana's Anti-SLAPP law.[5]

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant Suire timely removed Painter's suit pursuant to 28 U.S.C. § 1441, *et seq*.[6] Upon examination of the allegations, the Court concludes that it has subject matter jurisdiction over this case under 28 U.S.C. § 1332.

In March of 2010, the Louisiana Department of Revenue ("LDR") investigated Suire's allegations of workplace harassment against her boss, Murphy Painter.[7] In support of his allegations that he was defamed by Suire, Painter cites LDR's investigative findings, that:

> Based upon the information gathered during the investigation, LDR has determined Painter's actions did not violate the LDR's Anti-Harassment Policy set forth in PPM 10.3. This finding is based upon information secured during your [Suire's] interview wherein you [Suire] indicated Painter did not make unwelcome sexual advances toward you. You also indicated Painter did not request sexual favors or engage in verbal or physical conduct of a sexual nature to you. Additionally, you also stated that your complaint against Painter was not one of sexual harassment.[8]

Painter alleges that in July of 2010, Suire took her allegations against him to the media[9] and that in August of 2010, Suire's allegations were further perpetuated in an email sent from lindseyjarrell@rocketmail.com to several media outlets.[10] Notably, Plaintiff does not allege that Suire sent this email.[11] Painter alleges that Suire continued

---

[4] Rec. Docs. 9 and.13.
[5] La. C.C.P. art. 971.
[6] Rec. Doc. 1.
[7] Rec. Doc. 1-5, p. 4, ¶¶20-21.
[8] LDR letter of findings to Suire dated March 29, 2010 Rec. Doc. 1-5, pp. 4-5, ¶22.
[9] Rec. Doc. 1-5, p. 5, ¶25.
[10] Rec. Doc. 1-5, p. 5, ¶26.
[11] Plaintiff alleges that the email "was evidently sent from a computer located in the Louisiana State Library, which is located near the Pentagon Barracks." Rec. Doc. 1-5, p. 5, ¶28.

to defame him in a state court law suit she filed against Painter alleging unlawful employment practices.[12]

According to Painter, on August 13, 2010, the Governor called for Painter's resignation from the ATC because of a pending criminal investigation involving Painter.[13] Painter refused to resign.[14] Thereafter, Painter learned that he was also the subject of an investigation by the Louisiana's Office of Inspector General ("OIG") which Painter says was "focused, in part, on the defamatory allegations of Ms. Suire."[15] On August 16, 2010, the OIG sought and was granted a search warrant for Painter's ATC office.[16] According to Painter, the OIG's search warrant application reported that "[w]hile Ms. Suire was still employed at the La. ATC, he directly asked her to come sleep at his house. He has made numerous requests to her to become involved in a romantic relationship."[17] Although the statements made in the search warrant application are not directly attributed to Suire, Plaintiff argues that these statements were false, misleading, and contradictory to Defendant's earlier position in the Department of Revenue's investigation.[18]

On August 26, 2010, Suire filed a *Petition for Temporary Restraining Order and Injunctive Relief* (Petition) supported by an *Affidavit of Irreparable Harm* against Painter in state court.[19] Painter contends that Suire made false and misleading allegations against him in the injunction pleadings and other state court documents, including her

---

[12] *Kellie E. Suire v. Murphy Painter*, 19th Judicial District Court, Division 27, Suit Number 594,000.
[13] Rec. Doc. 1-5, p. 6, ¶¶ 34-35.
[14] Rec. Doc. 1-5, p. 6, ¶37.
[15] Rec. Doc. 1-5, p. 7, ¶¶39-40.
[16] Rec. Doc. 1-5, p. 7, ¶43.
[17] Rec. Doc. 1-5, p. 7, ¶44.
[18] Rec. Doc. 1-5, p. 7, ¶¶45-46.
[19] Rec. Doc. 1-5, p. 8, ¶47; Rec. Doc. 13-2, Exhibit 2.

November 3, 2010 state court *Supplemental and Amending Petition*[20] in which Suire alleged that Painter made "[c]onstant comments" about Suire's clothing and "her buttocks, her chest, and her body, all of a sexually explicit nature," and that he propositioned her to "sleep with him at his house [and] accompany him to his hotel room".[21]

On July 7, 2011, without seeking leave of Court, Painter reconvened against Suire in her state court suit for defamation.[22] The next day, July 8, 2011, Suire dismissed her state court suit "against the LDR, ATC, and Murphy Painter individually and in his official capacity."[23] Painter asserts that he did not dismiss his state court reconventional demand for defamation and that his state court reconventional demand serves to interrupt prescription on his defamation claims herein.

### III. LAW AND ANALYSIS

#### A. Motions for Judgment on the Pleadings

Because Defendant Suire filed an *Answer*[24] before filing her *Motions to Dismiss*, her *Motions* are converted to *Motions for Judgment on the Pleadings* under Rule 12(c) of the Federal Rules of Civil Procedure. A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated on the same basis as a motion to dismiss under Rule 12(b)(6).[25]

---

[20] Rec. Doc. 13-2, pp. 23-28; Rec. Doc. 11, p. 4, ¶48(a).
[21] Rec. Doc. 11, p. 4, ¶¶48(a)-48(b).
[22] Painter argues that the allegations in his state court Reconvention are "essentially identical" to the allegations in this suit. Rec. Doc. 12, p. 6. n. 2. The Court notes that this presents issues of comity and *lis pendens*, but these issues need not be reached by the Court.
[23] *Joint Motion to Dismiss* filed July 8, 2011. Rec. Doc.1-5, pp. 36-37. A *Judgment* was rendered on July 12, 2011, reflecting the same. Rec. Doc. 1-5, p. 8. Painter's allegation that this settlement and dismissal only concerned him in his official capacity is unsupported by the facts. Rec. Doc. 11, p. 5, ¶48(d).
[24] Rec. Doc. 2.
[25] *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)(citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[26] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[27] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[28] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[29] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[30] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[32] "Furthermore, while the court must accept well-pleaded facts as true, it

---

[26] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[27] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[28] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929(2007)).
[29] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations and brackets omitted)(hereinafter *Twombly*).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[31] *Id.* at 678.
[32] *Id.*

will not 'strain to find inferences favorable to the plaintiff.'"[33] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[34]

### B. Prescription

#### 1. Statements made in the context of judicial proceedings

Both parties place unfounded importance on the date that Painter filed his reconventional demand alleging defamation in Suire's state court sexual harassment suit. Suire asserts that Painter's instant defamation suit is prescribed because his state court reconventional demand for defamation was filed without leave of court, and therefore had no effect.[35] Painter counters that the filing of his state court reconventional demand for defamation interrupted prescription for purposes of this defamation suit because he never abandoned or voluntarily dismissed his reconventional demand.

It is well settled in Louisiana "that an action for defamation arising out of allegations made in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings have terminated."[36] The purpose of this rule is to "allow the underlying litigation to proceed in an orderly manner, without the issue of defamation present."[37] Hence, prescription did not commence running on Painter's defamation claims which arise out of Suire's state court allegations until the state court case was dismissed on July 12, 2011. The party's arguments regarding the tolling

---

[33] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[34] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[35] Rec. Doc. 12-1. The face of Murphy Painter's *Verified Reconventional Demand for Damages* reflects that it was fax-filed on July 7, 2011 and the original was filed on July 11, 2011.
[36] *Simpson v. Perry*, 2003-0116 (La.App. 1 Cir. 7/14/04), 887 So.2d 14, at 16.
[37] *Id.*

effect, if any, of Painter's state court reconventional demand is irrelevant to the issue of whether allegedly defamatory statements made in Suire's state court suit are prescribed. The instant suit was filed on August 12, 2011.[38] Allegedly defamatory statements made in connection with Suire's state court harassment suit, which remained pending until its dismissal on July 12, 2011 are timely. Specifically, the Court finds statements made in Suire's *Affidavit of Irreparable Harm* filed on August 26, 2010, allegations by Suire in her *Amended Petition* filed on November 3, 2010, and Suire's discovery responses served on November 1, 2010, are not prescribed because they arose "out of the allegations made in the judicial proceedings," thus, prescription did not commence until Suire's State Court action terminated.

### 2. Statements made outside the context of judicial proceedings

Painter alleges three instances of defamatory conduct occurring outside the context of the state court suit; namely, statements made on August 4, 2010 that resulted in an application for a search warrant on August 16, 2010; statements occurring on unspecified dates in July of 2010 when Suire talked to the media; and, an August 6, 2010 e-mail sent from lindseyjarrell@rocketmail.com to several media outlets which, although not sent by Suire, allegedly perpetuated Suire's allegations.

"[A] Federal District Court in Louisiana must apply Louisiana's prescriptive periods in diversity actions."[39] "Defamation is a delictual action subject to a one-year liberative prescription."[40] "[P]rescription commences to run from the day injury or

---

[38] This lawsuit was originally filed in the 23rd Judicial District Court for the State of Louisiana and was subsequently removed to the United States District Court for the Middle District of Louisiana on August 21, 2012.
[39] *Evert v. Finn*, 1999 WL 397401, at *3 (E.D. La. 6/5/99)(quoting *Crase v. Astroworld, Inc.*, 941 F.2d 265, 266 (5th Cir. 1991)).
[40] *Lyons v. Knight*, 2010-1470 (La.App. 3 Cir. 5/11/11), 65 So.3d 257, at 260.

damage is sustained."[41]  "The burden of proof on the prescription issue lies with the party asserting it, unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff."[42]  Hence, alleged defamation occurring outside the context of Suire's state court suit, and more than one year from the date of filing this suit is prescribed, unless the one year prescriptive period was interrupted.

The benchmark date for purposes of prescription is August 12, 2011, the date this suit was filed. The allegation that Suire approached the media in July of 2010 regarding her "concerns"[43] is prescribed on its face. Likewise, the allegation that the August 6, 2010 e-mail by a third person constitutes defamation (or publication of defamatory statements) by Suire is also facially time barred.

Without citing legal authority, Painter advances the novel argument that because his state court reconventional demand "was essentially identical to the petition at issue herein" that his earlier state court reconvention interrupted prescription. The Court does not reach the issue of whether Painter's state court reconvention interrupts prescription on what he claims are "virtually identical" claims herein because the Court finds that Painter's reconventional demand was improperly filed without the requisite leave of court and, thus, cannot interrupt prescription.

Under Louisiana law, a reconventional demand[44] "may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed."[45]  Thereafter, a reconventional demand may be filed ONLY with leave of court.

---

[41] La. C.C. art. 3492.
[42] *Bailey v. Khoury*, 2004-0620 (La. 1/20/05), 891 So.2d 1268, 1275.
[43] Rec. Doc. 1-5, p. 5,¶ 25.
[44] A type of incidental demand under state law. La. C.C.P. art. 1031.
[45] La. C.C.P. art. 1033.

When leave is required, the reconventional demand is "considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted."[46]

The state court record reveals, and this Court takes judicial notice, that Painter filed an *Answer* in both his individual and official capacity in Suire's state court suit on November 15, 2010.[47] Thus, in order for Painter's reconventional demand to be deemed "filed," leave of court was mandatory. Leave of court was not obtained, therefore, Painter's reconventional demand was never filed and prescription could not have been interrupted.

The timeliness of a defamation cause of action for an August 4, 2010, communication by Suire that resulted in the August 16, 2010 search warrant executed on Painter's office poses a more complicated question, as it deals with the issue of republication. "[P]rescription commences to run from the day injury or damage is sustained."[48] "[F]or prescription purposes, damages are sustained from the date the injury is inflicted, if immediately apparent to the victim, even though the extent of the damages may not yet be known."[49] The Louisiana First Circuit Court of Appeal has also found that "knowledge of the damage-causing publication by the plaintiff is required for the commencement of the one-year prescriptive period."[50] As for republication, "each and every publication or communication to a third person constitutes a separate cause of action, the conduct causing the damages, i.e., the publication, cannot be said to be continuous."[51]

---

[46] *Id.*
[47] Rec. Doc. 14-2, p. 29.
[48] La. C.C. art. 3492.
[49] *Wiggins v. Creary*, 475 So.2d 780, at 781 (La.App. 1 Cir. 1985).
[50] *Clark v. Wilcox*, 928 So.2d 104, at 112 (La.App. 1 Cir. 2005).
[51] *Wiggins v. Creary*, 475 So.2d 780, at 781 (La.App. 1 Cir. 1985). *See also*, *Reed v. Baton Rouge Crime Stoppers*, 2011-0618 (La.App. 1 Cir. 11/9/11), 2011 WL 5419678.

Since this lawsuit was filed on August 12, 2011, the Court finds that the August 4, 2010, communication by Suire has prescribed on its face. In light of the law that each and every publication or communication to a third person constitutes a separate cause of action, the Court finds Painter's defamation claim arising from the republication of Suire's statements in the August 16, 2010 search warrant application has not prescribed.

The Court concludes that Painter's allegations of defamation leading to the OIG's application for a search warrant and his claims of defamation arising in the context of Suire's state court harassment are not prescribed.

### C. Defamation

#### 1. Louisiana Law on Defamation

A federal court sitting in diversity applies substantive law of the state.[52] Under Louisiana law, "four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[53] "[T]o plead material facts, a petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant. It is not necessary for a plaintiff to state verbatim the words on which he bases his cause of action, but he must allege a state of facts or condition or things which would show fault under article 2315."[54]

---

[52] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[53] *Costello v. Hardy*, 2003-1146 (La. 1/21/04), 864 So.2d 129, at 139; *see also*, *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So.2d 1211, at 1218.
[54] *Id.*

Defamatory words are divided into two categories: those words that are susceptible of being defamatory in meaning and those that are defamatory *per se*.[55] "Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory *per se*."[56]  "The fault requirement is generally referred to as malice, actual or implied."[57]  However, when a plaintiff pleads statements which are defamatory *per se*, falsity and malice are presumed, and the burden shifts to the Defendant to rebut the adverse presumption.[58] Additionally, when the plaintiff pleads publication of words that are defamatory *per se*, "the element of injury **may** also be presumed," but again, may be subject to rebuttal by the defendant.[59]

### a. Has Painter Alleged a Defamation Claim Under Louisiana Law?

The only allegations which survive the challenge of prescription are those which arose in the context of Suire's state court suit and the OIG search warrant application. Painter's allegation in this suit, that Suire's complaints of sexual harassment "were unsubstantiated" by the LDR's internal investigation,[60] satisfy the first element necessary to state a defamation claim.

If the allegedly untruthful statements are deemed defamatory *per se*, the elements of falsity and malice are presumed.  The Court finds that the allegations made

---

[55] *Kennedy v. Sheriff of East Baton Rouge*, 2002-1418 (La. 7/10/06), 935 So.2d 669, at 674-75.
[56] *Id.* at 675.
[57] *Id*, at 674.
[58] *Id.*
[59] *Costello*, 864 So.2d at 140. (emphasis added).
[60] Rec. Doc. 1 – 5, p. 7, ¶ 42.

by Suire in her state court suit[61] are defamatory *per se* because "by their very nature tend to injure one's personal or professional reputation."[62] The Court further notes that, while Suire may inevitably be able to rebut the defamatory *per se* presumptions of falsity and malice, this argument is not proper on a Rule 12(c) motion and is better reserved for a motion for summary judgment.

As for the final element necessary to maintain a defamation claim, the Court finds on the face of the pleadings that Painter satisfactorily alleged an injury. Specifically, Painter has alleged that, as a result of Suire's defamatory statements, he sustained damage to his reputation and the loss of his position as ATC Commissioner. The Court is troubled by the inconsistent positions taken by Painter in these proceedings and the state court proceedings. In the state court Painter goes so far as to plead that Suire's workplace misconduct allegations were a mere pretext for the real reason he was terminated as ATC chief, which he contends was political retribution for not issuing a liquor license to a friend of the Governor's office.[63] Painter alleges in state court that his

---

[61] "Throughout her employment, Petitioner was subjected to unwelcome, sexual harassment consisting of, but not limited to, the following, in addition to the allegations contained in Paragraph 3 of the original Petition; 1.Constant comments by defendant Painter directed at Petitioner about her buttocks, her chest and her body, all of a sexually explicit nature; 2.Constant comments by defendant Painter directed at Petitioner about her clothing, all of a sexually explicit nature; 3.Proposition by defendant Painter that Petitioner sleep with him at his house, accompany him to his hotel room; and, * * * *"  21.On each occasion when Petitioner opposed, protested and reported defendant Painter's conduct, defendant Painter's behavior escalated and intensified.  Indeed, as set forth herein, defendant Painter began repeatedly telephoning Petitioner at all hours, asking her if she was sleeping with various different men and what that (sic) 'why' she was not taking his calls, stopping by, unannounced at Petitioner's house, becoming irate and hostile toward Petitioner when she would not answer defendant's telephone calls during non-working hours and threatening Petitioner that she was "his" and she had to do what he said, when he said it."  Rec. Doc. 11, p. 4, ¶48.

[62] *Costello,* 864 So.2d 129, at 14o. See also, *Steed v. St. Paul's United Methodist Church*, Nos. 31,521, 31,522 (La. App. 2 Cir. 2/24/99), 728 So.2d 931, 940-41.

[63] In their memoranda, the parties discussed the holding of the unpublished decision of *Painter v. State of Louisiana, et al.*, 2012 CW 0224R (La.App. 1st Cir. 6/13/13).  The Court, while very troubled by the fact that Painter has alleged in this separate state court action that he was terminated from the ATC because he refused a request made on behalf of the Governor to issue a liquor license to a business favored by the administration, is limited to the face of the pleadings in this matter in determining whether there is a viable cause of action under Rule 12(c).

allegations of injury may well be rebuttable, but given his pleading of 'damage to reputation', he sufficiently pleads the fourth element of a defamation claim and therefore survives this pleading stage inquiry under Rule 12(c). Accordingly, the Court finds that on the face of the pleadings, Painter has alleged a cause of action against Suire for defamation.

### 2. Louisiana's Special Motion to Strike

Article 971 of the Louisiana Civil Code of Procedure provides a method for weeding out and dismissing meritless "claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press."[64] This procedure is more commonly referred to as Louisiana's special motion to strike. Such motions "may be filed within ninety days of service of the petition, or in the court's discretion, at any time later upon terms the court deems proper."[65] Suire was served with Painter's lawsuit on July 24, 2012;[66] however, Suire did not file her motion to strike until June 20, 2013, well-beyond the permissible 90 days. The Court further declines exercising its own discretion to consider Suire's untimely motion at this juncture. Accordingly, Suire's *Special Motion to Strike* is denied.

---

[64] *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009)(quoting *Lee v. Pennington*, 830 So.2d 1037, 1041 (La.App. 4 Cir. 2002), *writ denied*, 836 So.2d 52 (La. 2003)).
[65] La. C.C.P. art. 971(C)(1).
[66] Rec. Doc. 1, ¶1.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby denies Defendant Kelli Suire's *Motions to Dismiss and Special Motions to Strike.*[67]

Signed in Baton Rouge, Louisiana, on <u>March 18, 2014</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[67] Rec. Doc. 9 and Rec. Doc. 13.