UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MURPHY PAINTER     CIVIL ACTION

VERSUS

KELLI SUIRE     NO. 12-CV-00511-SDD-SCR

## RULING

### I. BRIEF INTRODUCTION AND PROCEDURAL HISTORY

In this defamation lawsuit brought by Murphy Painter, the former head of Louisiana's Alcohol and Tobacco Control Commission ("ATC"), he alleges that his former Administrative Assistant, Kelli Suire, defamed him publically and in state court proceedings when she accused him of sexually harassing her in the workplace.[1] Painter argues that Suire's alleged defamatory statements resulted in his termination as ATC Commissioner and loss of income, tarnished his reputation, and has hindered his ability to gain re-employment.[2]

Painter has filed a *Motion to Disqualify Jill Craft as Trial Counsel*[3] for Defendant Suire. Painter claims that disqualification is warranted under Rule 3.7(a) of the Louisiana Rules of Professional Conduct, because he anticipates calling Craft as a witness during the upcoming civil trial because "he "learned that Ms. Craft communicated with the Office of Inspector General on Ms. Suire's behalf when it began its investigation of [him] in August 2010."[4] Painter also appears to argue that

---

[1] On August 12, 2011, Painter filed this defamation lawsuit in the 23rd Judicial District Court in Ascension Parish. Rec. Doc. 1-5, p. 8, ¶51; p. 9, ¶58.
[2] Rec. Doc. 1-5.
[3] Rec. Doc. 27.
[4] Rec. Doc. 27-1, p. 3

DM 1873     1

disqualification is warranted based on impropriety. In particular, he argues that evidence was introduced during his separate federal criminal trial which indicated that Painter had concerns of Craft's involvement "in potential wrongdoing related to the conduct of certain entities that she was representing and that the Louisiana Attorney General's Office was asked to investigate those concerns."[5] Painter further argues that these actions, make Craft "a witness—and potential conduit—of the defamatory allegations sued upon" in the pending civil action.[6]

Suire opposes Painter's motion arguing that Craft is not a "necessary witness" for purposes of Rule 3.7(a) of the Louisiana Rules of Professional Conduct such that disqualification might be warranted.[7] She further contends that considering the length of time (approximately three years) Painter has waited to file such a motion, he has essentially waived his right to assert such a position at this stage in the litigation.[8] In response, Painter filed a *Reply Brief*.[9]

For the following reasons, Painter's *Motion to Disqualify* shall be denied.

## II. LAW AND ANALYSIS

The Fifth Circuit has explained that "[m]otions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law."[10] While federal courts may adopt state or ABA rules as their ethical standards, the application of such rules are questions of federal law.[11] The

---

[5] 27-1, pp. 2-3.
[6] Rec. Doc. 27-1, p. 3.
[7] Rec. Doc. 29.
[8] Rec. Doc. 29.
[9] Rec. Doc. 31.
[10] *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)(citing *In re Dresser Indus.*, 972 F.2d 540, 543 (5th Cir. 1992)). See also, *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995)(hereinafter "FDIC").
[11] *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)

Middle District of Louisiana has specifically adopted the Louisiana State Bar Association Rules of Professional Conduct within Local Rule 83.2.4.[12] However, "local rules are not the 'sole' authority governing motions to disqualify counsel," and the "norms embodied in the Model Rules and Model Code are relevant."[13] Nevertheless, the lawyer-as-witness rules of the Louisiana Rules of Professional Conduct and the ABA Model Rule are similar. Specifically, Rule 3.7(a) of the Louisiana Rules of Professional Conduct and ABA Model Rule 3.7(a) provide in pertinent part as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> 
> 1. The testimony relates to an uncontested issue;
> 2. The testimony relates to the nature and value of legal services rendered in the case; or
> 3. Disqualification of the lawyer would work substantial hardship on the client.

Notably, the lawyer-as-witness rule is not implicated unless the lawyer is "likely to be a necessary witness." A necessary witness is one whose testimony is relevant, material, and unobtainable elsewhere.[14]

Courts have also disqualified counsel on an appearance of impropriety. The doctrine finds its roots in former ABA Canon 9 and the common law developed by the courts.[15] In *Woods v. Covington County Bank*, the Fifth Circuit observed: "The requirement that a lawyer avoid even the appearance of impropriety reflects the bar's concern that some conduct which is in fact ethical may appear to the layman as unethical and thereby erode public confidence in the judicial system or the legal

---

[12] See, Local Rules available at www.lamd.uscourts.gov.
[13] *F.D.I.C.*, 50 F.3d at 1312.
[14] See ABA Annotated Model Rules of Professional Conduct 384-85 (5th ed. 2003).
[15] *Woods v. Covington County Bank*, 537 F.2d 804 (5th Cir. 1976)(hereinafter "Woods").

DM 1873                                                           3

profession."[16] And yet, the Fifth Circuit has recognized that such motions can be used for strategic purposes, and "presents a palpable risk of unfairly denying the party the counsel of his choosing."[17] Therefore, "disqualification is unjustified without at least a reasonable possibility that some identifiable impropriety actually occurred."[18]

### A. Craft as a Necessary Witness

Painter contends that one of the primary issues to be resolved by a factfinder in this defamation action is Suire's motivation for making the alleged statements of which Painter complains. Therefore, Painter argues that he is entitled to examine all witnesses that were involved in initial communications and interviews that occurred between Suire and the Office of Inspector General (OIG). Painter contends that Craft is one such witness based upon a copy of a letter—sent from the Louisiana Department of Revenue (LDR) to Suire--produced by the OIG during discovery in his separate criminal trial. The subject of the letter is LDR's investigation of complaints she submitted to LDR's human resource division about Painter. On the letter is a handwritten notation that states: "Source: Jill Craft, August 16, 2010."[19] Painter further argues that Craft's "failure to affirmatively state that she did not communicate with the Office of Inspector General on Ms. Suire's behalf seemingly confirms Mr. Painter's allegations that such communications took place."[20] Therefore, it is Painter's position that Ms. Craft is a necessary witness who must be disqualified from representing Suire. The Court disagrees.

---

[16] Id, at 812-13.
[17] F.D.I.C., 50 F.3d at1316.
[18] Woods, 537 F.2d at 813 ("we conclude that there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur.")
[19] Rec. Doc. 31-1, p. 1.
[20] Rec. Doc. 31, p. 2.

DM 1873  4

While the Court is aware of the evidentiary requirements placed on Painter in order to satisfy his defamation claims, his contention that this one letter is indicative of showing that Craft is a necessary witness is speculative at best. Moreover, the Court is not convinced that Painter could not acquire the information he seeks from other sources. "A lawyer is not 'likely to be a necessary witness' when evidence pertaining to each matter to which he could testify is available from another source."[21] For instance, the Fifth Circuit has held that "because a lawyer's potential testimony was cumulative of other evidence (the potential testimony of other witnesses), the lawyer not a necessary witness."[22]

Here, Painter has offered one letter prepared by the LDR in response to Suire's complaints of harassment against Painter to support his allegation that Craft was a "conduit" of information between Suire and OIG. This letter was not authored by or sent to Ms. Craft. It was produced to Painter by OIG during discovery arising out of a separate criminal matter. Furthermore, Painter has offered no explanation as to why he could not gain the testimony he needs from the author of the letter, or from those who participated in the actual investigation. Based on the foregoing, the Court finds that Ms. Craft is not a necessary witness in this matter. Hence, disqualification of Craft on this ground is unwarranted.

### B. Impropriety

Painter also seeks disqualification of Craft based for impropriety. In his motion, Painter contends that evidence was introduced during his separate federal criminal trial which indicated that he had concerns of Craft's involvement "in potential wrongdoing

---

[21] *U.S. v. Starnes*, 157 Fed.Appx. 687, 693-94 (5th Cir. 2005).
[22] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001).

related to the conduct of certain entities that she was representing and that the Louisiana Attorney General's Office was asked to investigate those concerns."[23] Painter offers nothing else to support Craft's disqualification on these grounds. While the Fifth Circuit does not require evidence of wrongdoing, it does require some "reasonable possibility" that a specific, identifiable impropriety actually occurred. Much like the Court's earlier discussion, Painter's argument rests on nothing more than mere speculation of improper activity, and would not justify disqualification of Craft as Suire's counsel in this instance. Accordingly, Painter's motion shall be dismissed.

### C. In the Alternative--Timeliness of Motion

Notably, Painter has waited over two and one-half years to file this motion. However, insofar as the Court denies Plaintiff's *Motion to Disqualify Jill Craft as Trial Counsel* on substantive grounds, the Court does not reach the issue of timeliness of waiver.

### III. CONCLUSION

For the foregoing reasons, the Court hereby denies Plaintiff Murphy Painter's *Motion to Disqualify Jill Craft as Trial Counsel.*[24]

Signed in Baton Rouge, Louisiana, on <u>August 5, 2014</u>.

*Shelly Dick*

JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[23] Rec. Doc. 27-1, p. 2.
[24] Rec. Doc. 27.