UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MURPHY PAINTER     CIVIL ACTION

VERSUS

KELLI SUIRE     NO. 12-CV-00511-SDD-SCR

## RULING

### I. BRIEF INTRODUCTION AND PROCEDURAL HISTORY

In this defamation lawsuit brought by Murphy Painter, the former head of Louisiana's Alcohol and Tobacco Control Commission ("ATC"), he alleges that his former Administrative Assistant, Kelli Suire, defamed him publically and in state court proceedings when she accused him of sexually harassing her in the workplace.[1] Painter argues that Suire's alleged defamatory statements resulted in his termination as ATC Commissioner and loss of income, tarnished his reputation, and has hindered his ability to gain re-employment.[2] In a prior *Ruling*, the Court determined that the only allegations of defamation that had not prescribed are those which arose in the context of Suire's state court proceeding--specifically the *Supplemental and Amending Petition*, *Affidavit of Irreparable Harm*, and discovery responses--and Suire's republished statements contained within the OIG search warrant application.[3] Suire moves for

---

[1] On August 12, 2011, Painter filed this defamation lawsuit in the 23rd Judicial District Court in Ascension Parish. Rec. Doc. 1-5, p. 8, ¶51; p. 9, ¶58.
[2] Rec. Doc. 1-5.
[3] Rec. Doc. 25, p. 7.

summary judgment of these remaining claims.⁴ Painter has filed an opposition.⁵ For the following reasons, Suire's motion shall be denied.

## II. LAW

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."⁶ "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."⁷ A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."⁸ If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"⁹ However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."¹⁰

---

⁴ Rec. Doc. 26.
⁵ Rec. Doc. 30.
⁶ Fed. R. Civ. P. 56(a).
⁷ *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
⁸ *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552 (1986))).
⁹ *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
¹⁰ *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[11] All reasonable factual inferences are drawn in favor of the nonmoving party.[12] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[13] "Conclusory allegations unsupported by specific facts ... will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations ... to get to a jury without any "significant probative evidence tending to support the complaint."'"[14]

### B. Louisiana Law on Defamation

A federal court sitting in diversity applies the substantive law of the forum state.[15] Under Louisiana law, "four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[16] "[T]o plead material facts, a petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant. It is not necessary for a plaintiff to state verbatim the words on which he bases his cause of action, but he must

---

[11] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[12] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[13] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[14] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[15] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[16] *Costello v. Hardy*, 2003-1146 (La. 1/21/04), 864 So.2d 129, at 139; *see also*, *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So.2d 1211, at 1218.

allege a state of facts or condition of things which would show fault under article 2315."[17]

Defamatory words are divided into two categories: those words that are susceptible of being defamatory in meaning and those that are defamatory *per se*.[18] "Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory *per se*."[19] "The fault requirement is generally referred to as malice, actual or implied."[20] However, when a plaintiff pleads statements which are defamatory *per se*, falsity and malice are presumed, and the burden shifts to the Defendant to rebut the adverse presumption.[21] Additionally, when the plaintiff pleads publication of words that are defamatory *per se*, "the element of injury **may** also be presumed," but again, may be subject to rebuttal by the defendant.[22]

"In Louisiana, privilege is a defense to a defamation action."[23] "A qualified privilege is present when a defamatory statement is made '(1) in good faith, (2) on a matter in which the person making the communication has an interest or with regard to which he has a duty, or (3) to a person with a corresponding interest or duty.'"[24]

---

[17] *Badeaux*, 929 So.2d at 1218.
[18] *Kennedy v. Sheriff of East Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So.2d 669, at 674-75.
[19] *Id.* at 675.
[20] *Id*, at 674.
[21] *Id*. at 675.
[22] *Costello*, 864 So.2d at 140. (emphasis added).
[23] *Kennedy*, 935 So.2d at 681.
[24] *Rumfola v. Total Petrochemical USA, Inc.*, 2012 WL 860405 (M.D.La. March 13, 2012)(quoting Usner v. Strobach, (La.App. 1st Cir. 11/22/91), 591 So.2d 713, at 732)).

Furthermore, "[w]hen a party has reasonable grounds to believe the statement to be true, good faith exists."[25]

### III. ANALYSIS

Based on this Court's earlier finding that the remaining allegations of defamation are defamatory *per se*, Suire raises the defense of qualified or conditional privilege. The first element that Suire must satisfy in order to establish a qualified privilege exists is that the defamatory statement was made in good faith. Suire contends that the injunction and contempt findings in her state court proceedings serve as evidence of the truth of her statements. The Court disagrees.

The state court record reveals that the trial court granted Suire's issuance of a temporary restraining order and then found Painter in contempt for violating it. However, the trial court never reached the merits of Suire's request for injunctive relief because the parties to the lawsuit entered into a settlement agreement on July 8, 2011, and Suire ultimately dismissed her state court lawsuit. In other words, there has been no judicial determination as to whether Suire's statements were actually made in good faith. Additionally, Suire's conclusory statements that she acted in good faith do not amount to evidentiary support for consideration on a summary judgment motion. In response to Suire's motion, Painter has offered evidence, that, when considered in a light most favorable to Painter as the nonmovant, the Court finds that a reasonable trier of fact could find that a genuine issue of material fact exists as to Suire's good faith defense.

Ultimately, this case will boil down to credibility determinations. As previously discussed, however, Courts must refrain from making such credibility determinations or

---

[25] *Id.*

weighing the evidence on summary judgment motions, as such determinations are best reserved to the trier of fact.

## IV. CONCLUSION

Accordingly for the foregoing reasons, Defendant Kelli Suire's *Motion for Summary Judgment* is hereby DENIED.

Baton Rouge, Louisiana, the 8th day of August, 2014.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA