**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MURPHY PAINTER                                        CIVIL ACTION

VERSUS

                                                              NO. 12-CV-00511-SDD-SCR

KELLI SUIRE

### RULING

Before the Court is Defendant Suire's *Motion in Limine*, which has been opposed by Plaintiff Painter.[1] Suire has put forth nine separate arguments within the pending *Motion*. For the following reasons, Suire's *Motion* shall be granted in part and denied in part.

1. <u>Settlement of State Court Lawsuit and Painter as Public Figure</u>

Initially Suire re-urges her argument that as the prevailing party in her state court sexual harassment proceeding, she cannot, as a matter of law, be liable for defamation. This issue has already been addressed by the Court in its *Ruling* on Suire's summary judgment motion.[2] Additionally Suire also asserts the conclusory argument that because Painter is a public figure and the speech at issue concerns a matter of public affairs, his defamation claims must fail as a matter of law. As is commonly understood, *motions in limine* serve the purpose of addressing threshold evidentiary concerns before

---

[1] Rec. Doc. 40 and Rec. Doc. 48, respectively.
[2] The Court has already ruled that while the trial court granted Suire's temporary restraining order and subsequently found Painter in contempt for violating it, it "never reached the merits of Suire's request for injunctive relief because the parties to the lawsuit entered into a settlement agreement on July 8, 2011, and Suire ultimately dismissed her state court lawsuit." Rec. Doc. 34. Moreover, taking judicial notice of the Settlement Agreement filed in the Court's record, section 4 of the Agreement states that "Plaintiff acknowledges that neither party shall be considered a prevailing party as a result of this settlement and release agreement." Rec. Doc. 15-1, p.3.

DM 2152                                             1

trial begins; such motions do not to address matters redressable through a 12(b)(6) motion to dismiss or a motion for summary judgment. Considering that the dispositive motion filing deadline has passed, this argument is not now properly before the Court.[3] Accordingly, Suire's *motion* is hereby denied as to these points.

2. Republication

Suire seeks the issuance of an order precluding Painter from "displaying, showing, or informing the jury about statements made by others about Mr. Painter." Essentially Suire is challenging Painter's defamation claim based on republication of her statements made to the Office of the Inspector General ("OIG") during the course of its investigation. Under Louisiana law, "[a] defendant who utters a defamatory statement is responsible for all republication that is the natural and probable consequence of the author's act."[4] While Suire has raised the affirmative defenses of qualified and/or conditional privilege to those statements contained within the OIG search warrant, she, as well as Painter, have evidentiary burdens to satisfy before this privilege defeats these defamation claims.[5] Accordingly, Suire's *Motion* shall be denied as to the OIG search warrant.

3. Ms. Craft's Legal Representation of Suire

Plaintiff has failed to convince the Court how Defense Counsel's (Ms. Craft's) testimony could potentially be relevant to the trier of fact. The testimony Plaintiff seeks

---

[3] Deadline for filing dispositive motions was April 1, 2014.
[4] *Thompson v. Bank One of Louisiana, NA*, 134 So.3d 653, 663 (La.App. 4 Cir. 2/26/14).
[5] "Qualified privilege exists when a possible criminal activity is reported to the proper authorities, provided that the report was made in good faith … The privilege's effect is to rebut the allegations of malice or fault and to shift the burden of proof onto the plaintiff to establish abuse of the privilege. The plaintiff may establish the defendant's abuse of the privilege by showing that the defendant either knew the matter to be false or acted in reckless disregard as to its truth or falsity. The showing of mere negligence is insufficient." *Phillips v. Lafayette Parish School Bd.*, 54 So.3d 739, 745 (La. App. 3 Cir. 12/8/10)(internal citations omitted).

to invoke through Ms. Craft will, in all likelihood, fall under the protections of the attorney-client privilege. The fact that Ms. Craft has represented Suire in this legal proceeding as well as others has no bearing on whether Suire defamed Painter. Accordingly, the Court shall grant Defendant's *Motion in Limine* as to proposed testimony of defense counsel, Jill Craft's.

4. <u>Relevance of Painter's Acquittal</u>

The Court finds that, allowing Plaintiff to reference his acquittal of his criminal charges, which did not include sexual harassment or stalking, would not be relevant in the pending matter under Rule 401 of the Federal Rules of Evidence. The fact that Plaintiff was acquitted of unrelated computer crimes has no bearing on whether he stalked or sexually harassed Defendant. Furthermore, reference to the criminal trial and acquittal may cause jury confusion. Accordingly, the Court shall grant Defendant's *Motion in Limine* as to Painter's ability to reference his acquittal of his separate federal criminal charges.

5. <u>Limiting Plaintiff to the Face of the Pleadings</u>

This Court has already found that those statements made in Suire's *Affidavit of Irreparable Harm* filed on August 26, 2010, allegations by Suire in her *Amended Petition* filed on November 3, 2010, and Suire's discovery responses served on November 1, 2010, had not prescribed and stated a claim of defamation. Suire now seeks a *motion in limine* prohibiting Plaintiff from referring to certain statements in her *Amended Petition* because they are statements of opinion. The Court finds that this is a distinct legal argument that goes directly to the merit or viability of Plaintiff's claims, and is not

properly before the Court now as an evidentiary issue.[6] To the extent Suire argues that she is entitled to a *motion in limine* preventing Plaintiff from referring to those statements she verified in support of her injunction proceedings, her *Motion* is denied. Furthermore, the Court has already ruled that Suire's statement referred to in the OIG search warrant application amounts to republication for purposes of defamation and shall not be excluded. Accordingly, Defendant's *Motion* to limit evidence to the face of the pleadings is denied.

6. <u>Evidentiary Limitation Regarding Malice</u>

Defendant's argument seeking the imposition of the evidentiary standard or burden on Plaintiff necessary to prove malice is legal argument for which there is no relief on a *motion in limine*. Therefore, Defendant's *Motion* shall be denied on this ground.

7. <u>Anonymous Email</u>

The Court has already ruled that Painter's defamation claim arising out of the "anonymous" email of August 6, 2010, had prescribed on its face and was dismissed. The fact that Painter along with other witnesses received this anonymous email is of no moment considering, at the most fundamental evidentiary level, that such an email cannot be authenticated. For this reason alone, the Court shall grant Suire's *Motion* prohibiting Painter from introducing the August 6, 2010 email into evidence or referencing it during trial.

---

[6] See, *Marshall Investments Corp. v. R.P. Carbone Co.*, 2006 WL 2644959, *3 (E.D.La. Sept. 13, 2006)(on Rule 12(b)(6) *motion* party argued that statements were "purely statements of opinion" and could never be proven false. In its reasoning court explained that under Louisiana law "[a] pure statement of opinion will not ordinarily be actionable in defamation because it can be neither true nor false." However, "[w]hether a particular statement is objectively capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it was reasonably intended to produce in the mind of the average listener.").

8. <u>Rule 412 of the Federal Rules of Evidence</u>

The Court finds that content of paragraph 22(b) of Plaintiff's Supplemental and Amending Complaint on its face does not invoke the evidentiary protections of Fed. R. Evid. Rule 412. To the extent Suire challenges these statements as being highly prejudicial or irrelevant, the Court will deny her *Motion* without prejudice, allowing her to reurge them at trial.

9. <u>Painter's Witness Lists and Exhibits</u>

Additionally, Suire has motioned for this Court to strike those persons Painter has listed as witnesses in the *Amended Pre-Trial Order* for failure comply with Rule 26 of the Federal Rules of Civil Procedure, which governs discovery in civil matters. Rule 26(a) specifically requires parties, without awaiting a discovery request, to provide initial disclosures to the other parties. These initial disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."[7] Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide information or identify a witness as required by Rule 26(a) or (e), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless or justified." Of the four factors considered by the Fifth Circuit in determining whether a Rule 26 violation is harmless, only one is applicable here: the explanation for the party's failure to disclose.[8] The burden of proving harmlessness rests on the non-

---

[7] Fed.R.Civ.P. 26(e).
[8] The Fifth Circuit has delineated the following four factors as relevant in determining whether a Rule 26 violation is harmless or substantially justified: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Foundation v. Magna Transp. Inc.*, 338 F. 3d 394, at 402 (5th Cir. 2003).

disclosing party.[9] In his opposition, Painter argues that he complied with Rule 26(a)(3)(A) which requires that parties provide certain evidentiary information, including the name, address, and telephone number of each witness, to the other parties 30 days before trial. He further argues that Rule 26 only requires a party to update initial disclosures when the initial information provided was incomplete or incorrect.

The Court finds that Painter's interpretation of Rule 26 is skewed. Painter's initial disclosures became "incomplete" as soon as he identified additional persons, not originally identified in his initial disclosures, who might have "discoverable information." Furthermore, the fact that Painter timely disclosed his witness list per Rule 26(a)(3)(A), does not negate his failure to comply with the initial disclosure requirement of Rule 26(a)(1)(A).

To allow Plaintiff to call witnesses newly identified at this late stage in the proceedings, essentially on the eve of trial, would be highly prejudicial to the Defendant. Accordingly, only seven witnesses identified in Plaintiff's initial disclosures will be permitted testify. The May Call witnesses identified in Plaintiff's *Amended Pretrial Order*, but who were not previously disclosed or identify as required by Rule 26(a) and (e), are hereby stricken.[10]

Suire asserts a similar argument as to Painter's exhibits identified in the Amended Pre-Trial Order. According to Suire, Painter failed to identify 93 of the exhibits as required in his Initial Disclosures. Suire further contends that nine of these documents would not fall within the reasonable scope of the three areas of documents

---

[9] *In re Sambrano*, 440 B.R. 702, 707 (W.D.Tx. 2010).
[10] Suire apprised the Court that of those witnesses she sought to be stricken from Painter's Witness List, she had included the following seven on her own "May Call Witness" List: Winston DeCuir; Lane Edmonston; June Gills; Lillian Rose Jones; Clarance Lymon; Chrissy McDonald; and Stacy Roberts.

identified by Painter in his Initial Disclosures. In his Initial Disclosures, Painter identified the following categories of discoverable evidence: "(1) Discovery documents and responses to subpoenas and public records from the matter captioned Kelli E. Suire v. Murphy Painter, 19th Judicial District Court, No. 594,400; (2) Various news media accounts, both print and TV, related to Ms. Suire's allegations against Mr. Painter; and (3) Any and all documents related to the Office of Inspector General's investigation of Mr. Painter."[11] Once again, Rule 26 governs this discovery issue.

The Court finds that because the three categories Painter used to describe his exhibits in his Initial Disclosures are broad, they arguably encompass a majority of those exhibits he identified in the Amended Pre-Trial Order. Relevance and admissibility, to the extent challenged, will be determined at trial.

The Court does, however, find that the following exhibits do not fall within the Plaintiff's initial disclosure and are excluded: (14) July 28, 2010 public records request by Chris Nakamoto; (20) August 6, 2010 Anonymous complaint submitted to Painter and local media; (23) November 14, 2012 letter from Jill Craft to U.S. Attorney Patricia Jones; (26) Transcript of hearing, along with associated, pleadings and exhibits on Defendant's Exception of No Right of Action in the matter of Kling v. Louisiana Department of Revenue, 19th JDC, No. 602, 141; (27) Pleadings, transcripts, orders, discovery responses, minutes, docket entries, etc. from the matter captioned Murphy Painter v. State of Louisiana, 19th JDC, No. 604, 308; (28) Pleadings, exhibits, transcripts, orders, discovery responses, minutes, docket entries, etc. from the matter captioned United States v. Painter, E.D. La. No. 12-087; (33) Facebook postings by Ms. Suire; (36) Internet service provider documentation regarding the owner's identity of

---

[11] Rec. Doc. 40-2, p. 3.

lindseyjarrel@rocketmail.com and associated IP addresses; and (37) Surveillance video of Louisiana State Library on August 6, 2010.[12] The Court further finds that Painter's Exhibits (7)(a)(1), (19), and (39) which contain the language "including, but not limited to" shall be limited to those specific documents that are identified therein.

Wherefore, for the foregoing reasons, Defendant Suire's *Motion in Limine* is hereby GRANTED IN PART, and DENIED IN PART.[13]

Signed in Baton Rouge, Louisiana, on 30th day of September, 2014.

          *Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] The Court was inclined to exclude the following exhibit as well; however, because this exhibit is listed on Defendant's exhibit list she will not be prejudiced by allowing it to remain on Painter's Exhibit List: (13) July 21, 2010 Email between Ms. Suire and WBRZ personnel regarding Mr. Painter's records. See, Rec. Doc. 38, p. 9.
[13] Rec. Doc. 40.