**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MURPHY PAINTER                                CIVIL ACTION

VERSUS

                                                  NO. 12-CV-00511-SDD-SCR

KELLI SUIRE

**RULING**

Defendant, Kelli Suire, moves for a Rule 50(b) *Motion for Judgment as a Matter of Law*, asking that the Court set aside a jury verdict finding that Suire maliciously defamed Plaintiff, Murphy Painter, in Suire's state court suit which alleged, *inter alia*, that Painter stalked and harassed her.[1]

**I.     RELEVANT PROCEDURAL BACKGROUND**

Trial on liability was held from October 8, 2014 through October 10, 2014 on Plaintiff Murphy Painter's defamation claims against Defendant Kelli Suire.[2] Painter, the former head of Louisiana's Alcohol and Tobacco Control Commission ("ATC"), accused Suire, his former Administrative Assistant at ATC, of defaming him in a state court lawsuit and through her republished statements in a search warrant application prepared by the Office of Inspector General ("OIG"). In her state court suit and in statements to OIG investigators, Suire accused Painter of sexually harassing and stalking her. Painter alleged that these accusations were false and malicious.

---

[1] Rec. Doc. 84 is Suire's *Memorandum in Support* of her Rule 50(b) motion and Rec. Doc. 85 is Painter's *Memorandum in Opposition*.
[2] By agreement of the parties, the trial of this matter was bifurcated so that the issue of liability and damages would be tried separately. Rec. Doc. 69.

DM 23870                                                           1

Pretrial, the Court ruled that allegations of sexual harassment and stalking are "defamatory *per se*" as a matter of Louisiana substantive law.[3] Having so found, the elements falsity and malice are presumed, subject to rebuttal by the Defendant. Defendant Suire asserted a qualified privilege, and the Court held that Suire's statements were privileged as a matter of state law,[4] hence shifting the burden back to the Plaintiff to establish abuse of the privilege.[5] Abuse of privilege may be demonstrated "by showing that the defendant either knew the matter to be false or acted in reckless disregard as to its truth or falsity."[6] In as much as knowing falsehood or reckless disregard for the truth is the legal definition of malice, the existence of conditional or qualified privilege placed upon the plaintiff the burden of proving malice.[7]

Owing to the pretrial legal findings and the resulting burden shifting, only two narrow factual questions went to the jury[8], and the jury found:

1. Did Plaintiff, Murphy Painter, prove by a preponderance of the evidence that the Defendant, Kelli Suire, either knew that her statements in the *Office of Inspector General's Application for Search Warrant* were false or that she acted in reckless disregard as to the statements' truth or falsity?

   NO.

---

[3] "Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory *per se*." *Kennedy v. Sheriff of East Baton Rouge,* 2005-1418 (La. 7/10/06), 935 So.2d 669, at 674-75.

[4] As a matter of law, statements made in judicial proceedings are entitled to a qualified privilege and "actual malice must be proved". La. R.S 14:44 provides that "actual malice must be proved, regardless of whether the statement is true or false". . . "where the publication is made by a party in a judicial proceeding." Under Louisiana law statements reporting criminal activity made to law enforcement are subject to a qualified privilege. *Oller v. Roussel*, 2014 WL 4204834, *2 (W.D.La. Aug. 22, 2014)(quoting *Mbarika v. Bd of Sup'rs of Louisiana State Univ.*, 992 So.2d 551, 563 (La.App.1 Cir. 2008). OIG is a law enforcement agency La. R.S. 49:220.24J. Hence, the Court found as a matter of law Suire's statements in her state court suit and to OIG investigators were privileged.

[5] *Phillips v. Lafayette School Board*, 54 So.3d 739, 745 (La.App. 3 Cir. 12/8/10).

[6] *Id.*

[7] Independently, the Court made its own legal finding that the statements at issue were defamatory *per se*. (See Rec. Doc. 25 and Rec. Doc. 34). The Court further made the legal finding that Suire was entitled to a qualified privilege. Therefore, the sole issue for the jury during this phase of the trial was whether Suire abused this privilege by acting with actual malice.

[8] Rec. Doc. 82.

2. Did Plaintiff, Murphy Painter, prove by a preponderance of the evidence that the Defendant, Kelli Suire, either knew that her statements in her state court suit were false or that she acted in reckless disregard as to the statements' truth or falsity?

   YES.

In summary, the jury found that Painter did not prove malice (falsity or reckless disregard) as to Suire's statements to OIG investigators, but the jury found that Painter did prove malice as to Suire's statements in her state court suit.[9]

At the close of Painter's case in chief, Suire moved for judgment as a matter of law under Rule 50(a), which the Court denied.[10] Thereafter, Suire, without putting on any evidence in support of her defense, rested. Suire orally re-urged her *Motion for Judgment as a Matter of Law Pursuant to Rule 50(b)* and the parties were instructed to submit their respective briefs.[11] After considering the law, the evidence, and the Parties' respective memoranda, the Court denies Suire's *Motion* for the following reasons.

## II. LAW AND ANALYSIS

### A. Standard on Post Verdict Motion for Judgment as a Matter of Law

A Rule 50(b) motion for judgment as a matter of law "in an action tried by a jury, is a challenge to the legal sufficiency of the evidence supporting the jury's verdict."[12] Such a motion may be granted only if the trial court finds that "there is no legally sufficient basis for a reasonable jury to have found for that party with respect to that

---

[9] *Id.*
[10] Rec. Doc. 81.
[11] Rec. Doc. 84 and Rec. Doc. 85, respectively.
[12] *Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229, 235 (5th Cir. 2001)(quoting *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000)).

issue."[13] In conducting its analysis of a Rule 50(b) motion, the court "consider[s] all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party."[14] Considering that all reasonable inferences and credibility determinations must be resolved in favor of the non-moving party, "judgment as a matter of law should not be granted unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion."[15] The Fifth Circuit instructs that "[c]ourts should be wary of upsetting jury verdicts, and should do so only when there is not a legally-sufficient evidentiary basis for the jury's verdict."[16]

### B.    The Jury's Verdict[17]

Because defamation was not in dispute, the only factual question that went to the jury was malice or falsity.[18] The jury ultimately found that Suire had not acted with malice as to statements republished in the OIG *Application for Search Warrant* but that statements in her state court pleadings were false or malicious.

It is Suire's contention that the jury's verdict is inconsistent and must be set aside. Suire argues that the statements in the OIG's application for search warrant are nearly identical to the statements in her state court lawsuit. Therefore, Suire argues

---

[13] *Id.* (quoting *Ford*, 230 F.3d at 830(internal quotations omitted)(quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997)).
[14] *Id.* (quoting *Brown v. Bryan County, OK*, 219 F.3d 450, 456 (5th Cir. 2000)).
[15] *Id.* (quoting *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322 (5th Cir. 1994)).
[16] *In re Actos (Pioglitazone) Products Liability Litigation*, 2014 WL 4364832, *3 (W.D.La. Sept. 2, 2014)(citing *Roman v. Western Manufacturing*, 691 F.3d 686, 692 (5th Cir. 2012)).
[17] Independently, the Court made its own legal finding that the statements at issue were defamatory *per se*. (See Rec. Doc. 25 and Rec. Doc. 34). The Court further made the legal finding that Suire was entitled to a qualified privilege. Therefore, the sole issue for the jury during this phase of the trial was whether Suire abused this privilege by acting with actual malice.
[18] Actual malice in a defamation action requires a showing that the defendant either knew the matter to be false or acted in reckless disregard as to its truth or falsity. *Phillips v. Lafayette School Board*, 54 So.3d 739, 745 (La.App. 3 Cir. 12/8/10).

that no reasonable juror could have concluded on the one hand that statements she made to the OIG and that were republished by the OIG in its application for a search warrant were not made with actual malice, while simultaneously finding that virtually identical statements in her state court lawsuit were false or malicious.

In denying Suire's Rule 50(a) motion, the Court explained that, while it considered the evidence of actual malice to be "extremely thin," ultimately, whether Painter carried his burden of proof would turn largely on credibility determinations that lie within the exclusive province of the jury. For purposes of this Rule 50(b) motion, the Court must construe all credibility determinations in the light most favorable to Painter. When the Court considers all of the evidence, and resolves all inferences and credibility determinations in favor of Painter, the Court concludes that the facts and inferences on liability do not point so strongly and overwhelmingly in Suire's favor such that reasonable jurors could not reach a contrary conclusion.

As for Suire's claim that the jury's two findings are seemingly inconsistent, the rule is that "courts should adopt a view of the case, if there is one, which resolves any seeming inconsistency."[19] The Fifth Circuit has explained that "[w]hen the jury's answers appear to conflict, we are obliged to reconcile the answers, if possible, in order to validate the jury's verdict."[20] It is only when "the jury's answers cannot be rationally harmonized, [that] the Court must vacate the judgment and order a new trial."[21]

The Court finds that the jury was presented with evidence from which it could have concluded that the statements verified by Suire in her state court pleadings were

---

[19] *Reese v. Gray*, 2011 WL 302873, *11 (N.D.Ms. Jan. 27, 2011)(citing *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962)).
[20] *White v. Grinfas*, 809 F.2d 1157, 1161 (5th Cir. 1987).
[21] *Reese v. Gray*, 2011 WL 302873, *11 (N.D.Ms. Jan. 27, 2011)(citing *Crossland v. Canteen Corp.*, 711 F.2d 714, 726 (5th Cir. 1983)).

of a different nature and degree so as to support a finding of falsity or malice.[22] Certain evidence offered during the trial pertained solely to the preparation of the OIG's *Application for Search Warrant* such that it had no bearing on the defamatory statements in Suire's state court lawsuit. For example, Suire's counsel elicited testimony at trial from the OIG investigator, Shane Evans, that the statements made in the OIG's *Application for Search Warrant* were his and not Suire's. On the other hand, as to the statements made in the state court lawsuit, there was evidence at trial from which the jury could make a pure credibility determination as to Suire's mindset in making and verifying the defamatory statements in her state court pleadings.[23] The statements made and verified directly by Suire in her state court suit could rationally be weighed independently from statements Suire made to investigators which were later republished in the OIG's *Application for Search Warrant*. Accordingly, the Court finds that, because the jury's answers can be harmonized, the jury's verdict must stand. Accordingly, Suire's Rule 50(b) *Motion* must be denied.

---

[22] Suire's pleading in the state court contained allegations such as:
    "Petitioner is currently in fear for her life and defendant's repeated and incessant actions have not stopped in spite of Petitioner reporting his actions to the Louisiana Department of Revenue and Taxation in October, 2009, the Office of Inspector General, and the filing of the EEOC Charge." Rec. Doc. 30-1, p. 161, ¶ 11. This allegation was made and verified by Suire on August 26, 2010. Suire resigned her ATC employment on November 19, 2009 and by her own admission at trial she saw Painter only one time, at the state capitol, in the interim between her November 2009 resignation and her August 2010 state court lawsuit.
    "Plaintiff shows that if defendant is not restrained, she will suffer immediate and irreparable harm consisting of physical danger, threats of physical violence, stalking, intimidation, harassment." Rec. Doc. 30-1, p. 161, ¶ 15.
    "Constant comments by defendant Painter directed at Petitioner about her buttocks, her chest, and her body, all of a sexually explicit nature ;" and
    "Constant comments by defendant Painter directed at Petitioner about her clothing all of a sexually explicit nature;"
    Rec. Doc. 30-1, p. 178, ¶ 2a.

[23] *Id.*

### III. CONCLUSION

For the foregoing reasons, Defendant Suire's Rule 50(b) *Motion for Judgment as a Matter of Law* is hereby DENIED.[24]

Signed in Baton Rouge, Louisiana on December 2, 2014.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[24] Suire re-urged her Rule 50 motion verbally in open court post-verdict.